UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 2:24-cr-42 |
| | ) | |
| VALENCIA FRANKLIN | ) | |

<u>PLEA AGREEMENT</u>

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Kevin F. Wolff, Assistant United States Attorney, and the defendant, Valencia Franklin, and Adam Sheppard, as attorney for the defendant, and show the Court they have entered into a plea agreement as follows:

1. I, Valencia Franklin, can read, write and speak the English language.

2. I have received a copy of the Indictment, have read and discussed it with my lawyers, and believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyers the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe and feel that my lawyers are fully informed as to all such matters. My lawyers have counseled and advised me as to the nature and elements of

1

every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

   a. If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

   b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

   d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could

       present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

    e.    At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

    f.    At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

    g.    In the event that I should be found guilty of the charges against me, I would have the right to appeal my conviction on such charges to a higher court.

6.    I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7.    Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

    a.    I will plead guilty to Count 2 of the Indictment charging me with

        Wire Fraud, in violation of 18 U.S.C. § 1343, because I am in fact guilty of this offense.

b.     I understand the maximum possible penalties that may be imposed upon me for the offense are a term of incarceration not to exceed twenty years, a fine not to exceed $250,000, or a combination of both imprisonment and a fine. In addition to any other penalty imposed, I must also pay a special assessment of $100. Furthermore, I understand that in addition to the sentence imposed upon me for my conviction, the Court can impose a term of supervised release of up to three years.

c.     The United States of America and I have entered into the following agreements in paragraphs (c)(i) through (c)(iii) pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure which are not binding upon the Court. I understand this means that if the Court refuses to follow the recommendations set forth in this paragraph, I will not be allowed to withdraw my guilty plea:

    i.     For purposes of calculating the U.S. Sentencing Guidelines, the parties agree that the following offense level calculations apply to me:

        A. My base offense level under U.S.S.G. § 2B1.1(a)(1) is 7.

        B. I understand that the United States of America will argue at sentencing that the 2-level enhancement described in § 2B1.1(b)(10) applies because my offense involved sophisticated means and I intentionally engaged in or caused the conduct constituting sophisticated means. The parties agree that I am reserving the right to argue at sentencing that this enhancement should not apply.

        C. The 2-level enhancement described in § 3B1.1(c) applies because I was an organizer, leader, manager, or supervisor in criminal activity.

        D. The 2-level enhancement described in § 3B1.3 applies

       because I abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of my offense.

    E. The parties agree that my offense conduct resulted in a loss of at least $250,000. I understand that the United States of America will argue at sentencing that the 14-level enhancement described in § 2B1.1(b)(1) applies because my offense conduct resulted in an intended loss of greater than $550,000. The parties agree that I am reserving the right to argue at sentencing that the loss amount was between $250,000 and $550,000.

  ii. The United States of America and I agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to a 2-level reduction in offense level. The United States of America and I further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional 1 level reduction in offense level. However, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. I further understand the Court is not bound by this recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility.

  iii. The United States of America recommends that the Court

     should impose a sentence of incarceration upon me at the minimum of the applicable sentencing guidelines range.

d.   Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure and in exchange for my guilty plea, the United States Attorney agrees after the Court imposes my sentence to move to dismiss the remaining counts of the Indictment pending against me in this case.

e.   I agree to pay restitution to the victim in this case in an amount to be determined by the Court. I agree that I am jointly and severally liable for the full restitution amount with any other defendants with whom I participated in the scheme to defraud who may be found liable for this conduct. I acknowledge that restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. I understand that a payment schedule imposed by the Court establishes only a minimum obligation and does not preclude the United States Attorney's Office from pursuing any other means to collect the restitution judgment pursuant to federal and state law.

f.   I agree to the entry of a forfeiture money judgment in an amount to be determined by the Court which represents the amount of proceeds I obtained from the commission of the offense to which I am pleading guilty and all relevant conduct. I further consent to the entry of orders of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2. I understand that the United States has agreed to petition the Attorney General for the purpose of using the money judgment proceeds I pay toward the amount of restitution ordered by the Court. I understand that the grant of such petition lies within the sole discretion of the Attorney General or his designee and is subject to Department of Justice guidelines.

g.   I expressly authorize the U.S. Attorney's Office to immediately obtain a credit report to evaluate my ability to satisfy any financial obligation imposed by the Court. I agree to submit within 30 days of the filing of this plea agreement a completed financial statement to the U.S. Attorney's Office in a form it provides and as it directs. I promise that the financial statement

and disclosures will be complete accurate and truthful, and I understand that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

h.  I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense(s) as well as the full extent of my criminal history.

i.  I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

8.  I am prepared to state to the Court the facts in this matter that cause me to believe I am guilty of Count 2 of the Indictment. I acknowledge that I am only providing a summary of the events herein. In connection with my guilty plea, I admit the following facts:

Company A was a not for profit organization located in Merrillville, Indiana that provided social services to area residents. In 2021 and 2022, I worked for Company A and was supervisor of payroll and accounts payable.

In 2021, the federal government provided Emergency Rental Assistance funds to states to administer for the benefit of households adversely affected by the COVID-19 pandemic. Company A administered and distributed these funds for Lake County, Indiana. As part of my job at Company A, I administered the Emergency Rental Assistance program.

From approximately August 2021 through January 2022, in the Northern District of Indiana and elsewhere, I knowingly participated in a scheme to defraud Company A that involved obtaining money by means of materially false and fraudulent pretenses, representations, promises, and concealments.

I submitted or caused to be submitted false and fraudulent applications for Emergency Rental Assistance funds to obtain funds to which I and others were not entitled. I knew that the applications contained false representations that certain individuals were landlords for properties in Lake County, Indiana, when those individuals were not the actual landlords for those properties. In support of the fraudulent applications, I prepared fraudulent documents, including false lease agreements and false pay stubs that helped create the appearance that the applications were legitimate. I used my position at Company A to cause Company A to issue checks to the individuals who were falsely listed as landlords on the applications. For some of the fraudulent applications, I sent emails to other Company A employees directing them to issue such payments. After a check was issued, I often received a payment, which was a portion of the check amount, from the individual who received the check.

As a result of my fraudulent conduct, I caused Company A to issue over $350,000 in Emergency Rental Assistance payments to individuals who were not entitled to the funds.

On or about August 31, 2021, I caused to be transmitted by

> means of wire communication in interstate commerce, electronic signals whereby an Emergency Rental Assistance application with false information within, was marked as "Ready for Payment" by an individual in Indiana and sent through a server located in Virginia, as described in the Indictment.

9. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (a) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of all the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (b) the United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12. I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.

<table>
<tr><td>/s/ Valencia Franklin<br>Valencia Franklin<br>Defendant</td><td>/s/ Adam Sheppard<br>Adam Sheppard<br>Attorney for Defendant</td></tr>
</table>

APPROVED:

    CLIFFORD D. JOHNSON
    United States Attorney

By:   /s/ Kevin F. Wolff
    Kevin F. Wolff
    Assistant United States Attorney